# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:12-CR-164 |
| v. | : | JUDGE MARBLEY |
| TODD L. SMITH, | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM OF DEFENDANT

Defendant Todd L. Smith, through undersigned counsel, respectfully submits the following Sentencing Memorandum for the Court's consideration.

    Respectfully submitted,

    **/s/ Samuel H. Shamansky**
    SAMUEL H. SHAMANSKY
    Ohio Supreme Court No. 0030772
    523 South Third Street
    Columbus, Ohio 43215
    T: (614) 242-3939
    F: (614) 242-3999
    shamanskyco@gmail.com

    Counsel for Defendant

**MEMORANDUM**

With the exception of objections he has already raised, Defendant submits that Probation Officer Boucher has provided a thorough and accurate rendition of the factual and procedural background of the case and takes no issue with the same. Defendant also appreciates Officer Boucher's recommendation that a three-level reduction to his Offense Level be applied for acceptance of responsibility under § 3E1.1(a)&(b). Furthermore, it is Counsel's understanding that the government will be filing a § 5K1.1 motion for downward departure. In light of these circumstances, Defendant is confident that the Court will arrive at a just sentence that accurately reflects the seriousness of his offense, promotes respect for the law, and provides just punishment. Mr. Smith provides the following discussion merely to assist the Court in its review of the facts for purposes of sentencing.

### The United States Sentencing Guidelines after *Booker v. United States* and *Gall v. United States*: Application of 18 U.S.C. 3553

On January 21, 2005, the United States Supreme Court dramatically changed the landscape of federal sentencing in *United States v. Booker*, 543 U.S. 220 (2005). By separate 5-4 majorities, the Court held (1) that the Sixth Amendment as construed in *Blakely v. Washington*, 542 U.S 296 (2004), applies to the federal sentencing guidelines and (2) that, in order to avoid Sixth Amendment concerns raised by the guidelines, it is necessary to invalidate two provisions of the Sentencing Reform Act of 1984 that make the guidelines mandatory in federal court sentencing. Sentencing courts were instructed to consider the guidelines as advisory and appellate courts were ordered to review such sentences for "reasonableness" under the standards set forth in 18 U.S.C. § 3553(a). Thus, the Court established a system whereby a sentence within the otherwise applicable guideline range is constrained by "reasonableness" pursuant to the felony sentencing provisions established in § 3553. More recently, in *Gall v. United States*, 128

S.Ct. 586 (2007), the Supreme Court confirmed that District Courts should receive substantial deference in the imposition of a sentence, even if it is outside the guideline range, so long as that sentence is reasonable under § 3553.

In defining "reasonableness," Congress has directed that criminal sentences must achieve four purposes: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (2) to afford adequate deterrence to criminal conduct, (3) to protect the public from further crimes of the defendant, and (4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in an effective manner. *See* 18 U.S.C. § 3553(a)(2). In addition, § 3553 requires a sentencing court to consider "the need to avoid unwanted sentence disparity among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Moreover, § 3553 provides that the sentence shall be "no greater than necessary . . . to comply with the purposes of punishment . . . ." *See* 18 U.S.C. § 3553(a).

In the case *sub judice* and pursuant to the foregoing analysis under *Booker* and § 3553, three considerations may warrant imposition of a prison term less than the guideline recommendation in this case: (1) Defendant's history and personal characteristics, §3553(a)(1), (2) need for the sentence imposed to reflect the seriousness of the crime and to provide just punishment for the offense, § 3553(a)(2)(A), and (3) need for the sentence imposed to afford adequate deterrence and protect the public from future crimes committed by the defendant, § 3553(a)(2)(B) and (C).

### Defendant's History and Personal Characteristics - § 3553(a)(1)

As the Court is aware, Todd L. Smith is a fifty-one year old father of four adult children. Aside from the conduct giving rise to the instant matter, Mr. Smith has always been a law-

abiding, productive member of society. He has maintained close relationships with family and friends, and for virtually all of his adult life was employed as a police officer with the Columbus Police Department. Though Mr. Smith admits he committed serious offenses, they were a significant deviation from a life otherwise devoted to public service.

Born in Columbus, Ohio, Mr. Smith has resided in the city his entire life. In 1985, Mr. Smith entered the training academy for the Columbus Police Department. He began working as a patrol officer in 1986, and since then has held positions as a school liaison, burglary detective, SWAT member, and resource officer. During that time, he received numerous letters and awards recognizing his positive impact within the community.

With regard to this case, Mr. Smith has accepted full responsibility for his conduct, as demonstrated by his January 17, 2013 plea of guilty. He has also fully cooperated with government officials and provided valuable information in their investigations. Mr. Smith recognizes the severity of his criminal conduct and is genuinely remorseful for his behavior. Finally, though by no means an excuse for his conduct, Mr. Smith understands that his abuse of alcohol and steroids helped motivate his actions. As such, he is determined to confront his issues with substance abuse and is willing to undergo any professional counseling and treatment the Court may deem necessary.

### Need for the Sentence to Reflect the Seriousness of the Crime, Promote Respect for the Law, and to Provide Just Punishment - § 3553(a)(2)(A)

Mr. Smith recognizes that Coercion and Enticement is a serious offense, and acknowledges that a prison sentence will be necessary to provide just punishment, reflect the seriousness of the crime, and promote respect for the law. However, without minimizing his conduct, Defendant respectfully submits that his behavior was non-violent in nature. Moreover, Mr. Smith has accepted full responsibility for his criminal actions and demonstrated genuine

remorse not only for the conduct itself, but also for the harm he caused. He has made no attempt to avoid punishment and understands that a term of incarceration is appropriate in this matter. Finally, as indicated by the presentence report, Mr. Smith has been fully cooperative with the government during the pendency of this case. Defendant respectfully requests that the Court consider the foregoing when determining what sentence will reasonably reflect the seriousness of his offense, provide just punishment, and promote respect for the law.

### Need for a Sentence Imposed to Deter Todd Smith and Protect the Public from Further Crimes - § 3553(a)(2)(B) & (C)

A lengthy prison term is not required to deter Mr. Smith from future criminal conduct or to protect the public. As discussed above, this case constitutes Mr. Smith's only contact with the criminal justice system. He has otherwise lived a productive, law-abiding life of public service. Defendant is genuinely remorseful for the harm he has caused, and has no desire to commit future crimes or cause additional harm. His career, reputation, and relationships with his loved ones have suffered as a result of his behavior, and it is Defendant's intention to begin mending those relationships, rather than straining them any further. Though there remains a need to punish Defendant, he respectfully submits that the public does not require protection from future crimes.

### The Court's Authority to Depart from the Guidelines and to Impose a Sentence Below the Statutory Minimum - § 5k1.1 & § 3553(e)

Upon motion of the government stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed and offense, the Court may depart from the sentencing range under the advisory Sentencing Guidelines. See *Booker,* 543 U.S. 220, § 5k1.1. A similar motion may be filed under 18 U.S.C. § 3553(e), which permits the Court to consider a sentence below the minimums imposed by statute. In light of the

5

circumstances previously discussed, Defendant urges the Court to grant any such motion that the government may file in this matter.

## CONCLUSION

As previously stated, Defendant is confident that the Court will determine an appropriate sentence based upon the specific facts of this case, federal law, and the advisory factors set forth under federal sentencing guidelines. Defendant merely urges the Court to consider the facts set forth above, as well as any motion for departure filed by the government, when deciding the appropriate sentence in this matter.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY
Ohio Supreme Court No. 0030772
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939
shamanskyco@gmail.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of the filing to Assistant U.S. Attorney, Douglas W. Squires, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215 on June 7, 2013.

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY