**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 2:12-CR-164 |
| Plaintiff, | JUDGE MARBLEY |
| vs. | |
| TODD L. SMITH, | |
| Defendant. | |

**UNITED STATES' SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD DEPARTURE**

The United States of America, by and through the undersigned counsel, submits this Sentencing Memorandum in the above-entitled case. This Memorandum discusses the United States' position on sentencing and the unresolved objections. The Government also makes a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and §5K1.1 of the U.S. Sentencing Guidelines based on the substantial assistance the defendant has provided to the United States.

**I.     THE GUIDELINES CALCULATION**

The U.S. Probation Presentence Investigation Report ("PSR") accurately sets forth the offense level computation based on the U.S. Sentencing Guidelines ("Guidelines") resulting in a total offense level of 35, a Criminal History Category of I, and a Guideline imprisonment range of 168-210 months. A supplemental addendum and second supplemental addendum addressing victim restitution have been filed. The United States asks for a reasonable sentence in-line with the offense conduct. The U.S Probation Officer's recommended sentence totals 168 months

which does not account for the Government's motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. §5K.1.1.

As this Court is well-aware, after *Booker v. United States*, District Courts should engage in a three-step sentencing procedure. 543 U.S. 220 (2005). First, the Court must determine the applicable Guidelines range, and in so doing, "the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence." Second, the Court must consider whether a departure from that Guidelines range is appropriate. Third, the Court must consider the applicable Guidelines range, "along with all of the factors listed in section 3553(a)," and determine the sentence to impose.

"Ultimately, however, *Booker* requires that the sentence imposed by the District Court be reasonable." *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005) (citing *Booker*, 543 U.S. at 260). Reasonableness is assessed in two ways: procedurally and substantively. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). The Court must "provide a reasoned explanation for its choice of sentence and its explanation must be sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006). In determining substantive reasonableness, Circuit Courts review a sentence and assesses whether the length is reasonable in light of the § 3553 factors. *United States v. Yopp*, 453 F.3d 770, 774 (6th Cir. 2006).

A within-Guidelines sentence is deemed presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 349–54 (2007) (holding that a federal appellate court may apply a non-binding presumption of reasonableness to a within-Guidelines sentence). However, there are many things,

that the presumption does not do. For example, it is a rebuttable presumption of reasonableness, not a per se presumption. *United States v. Richardson,* 437 F.3d 550, 554 n.2 (6th Cir. 2006). There is no presumption of unreasonableness for guidelines variances. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Appellate courts, of course, remain responsible for reviewing all sentences for reasonableness. *Booker*, 543 U.S. at 260. Ultimately, a reasonable sentence is requested in this case.

In this case, a special instruction located at U.S.S.G. §2G1.3(d)(1) applies since the offense involved more than one minor victim. This means that the multiple count grouping rules apply as if the coercion to engage in sexual conduct regarding each victim had been contained in separate counts of conviction. According to Application Note 6 in §2G1.3, each prohibited act involving separate minors is to be treated separately. Consequently, multiple counts involving more than one minor are not to be grouped together under §3D1.2 (grouping of closely related counts). This guidance also applies whether or not each minor is alleged in separate counts or the same count, since if relevant conduct involves two victims, "each such minor shall be treated as if contained in a separate count of conviction." U.S.S.G. §2G1.1(d)(1) Note 6. Based on the specific facts of this case, application of this section is particularly onerous and may justify a variance or departure from the otherwise applicable Guideline range.

## II.  UNRESOLVED OBJECTIONS

An Addendum to the Presentence Report, attached to the final PSR, outlines unresolved objections made by Defendant Smith**.**

    A.  **Threats to Jane Doe B**

Defendant Smith objects to the characterization of comments to Jane Doe B as threats. Defendant does not contest that minor victim Jane Doe B felt intimidated by Smith's comments including Smith's statement that he would "hate the shit out of" Jane Doe B if their relationship was revealed and Smith was prosecuted. Defendant's objection overlooks the facts adduced in this case.

After a federal investigation, including an FBI sting operation, Smith was originally charged by a criminal complaint with coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). An affidavit in support of the criminal Complaint detailed allegations that the 49 year old Columbus Police Officer served as a resource officer at Centennial High School in Columbus, Ohio and engaged Jane Doe B, a 14 year old female student at the same school, in a "sexting" relationship. Smith told the juvenile he had a sex addiction and suggested they meet in a hotel room. After the victim sent Smith a topless photo of herself, Smith texted he wanted to "fuck every hole you have." The juvenile told her parents about the relationship, and later, the juvenile expressed concerns to the FBI about what the police officer may do to her family as a result of the juvenile coming forward. Jane Doe B reported Smith advised her that Smith would, "hate the living shit" out of her if she ever told anyone about their conversations. Jane Doe B reported to her parents and the FBI that she felt threatened by this statement because, "he's a cop, he has a lot of power over me."

A detention and probable cause hearing was conducted before Magistrate Judge King on July 30, 2012. Defendant waived the preliminary hearing, but not the bond hearing. At the conclusion of the bond hearing, Smith was ordered to be detained pending trial. (Doc. # 11). Magistrate Judge King found that Smith's alleged offense was a crime of violence as defined in

18 U.S.C. § 3156(a)(4), the crime involved a minor child, the weight of the evidence against Smith was great, and that at least one statement made by Smith to the minor child could be perceived as a threat and actually was perceived as a threat by the alleged victim in this case. Although, Magistrate Judge King found that Smith rebutted the presumption of detention through evidence of strong ties to the community, Smith was detained since there was a serious risk that Smith would endanger the safety of another person or the community. More than sufficient facts exist to conclude that Smith threatened Jane Doe B.

    B.    **Obstruction of Justice §3C1.1**

Defendant Smith asserts that: (a) his failure to provide agents with his cellular telephone at the time of arrest does not amount to obstructive activity under U.S.S.G. §3C1.1 resulting in a 2 level increase in the total offense level; and, (b) that such conduct is misconstrued. The 2 level increase should apply for the obstuctive conduct regarding the cellular telephone and attempts to prevent reporting are correctly characterized in the PSR.

According to §3C1.1 Application Note 1, the adjustment for obstructive conduct applies for conduct which occurred before an investigation or during an investigation. Examples of covered conduct are set forth in Application Note 4 (K) (threatening victims to discourage reporting), discussed above, and Application Note 4 (D) (concealing evidence material to an investigation).

Smith was a police offer for approximately 30 years. After sending inappropriate texts, Smith implored both victims and the FBI while undercover, to delete such texts. Smith encouraged all parties to keep their illicit relationship a secret and advised at least one child to lie if questioned by school authorities about the nature of their relationship. Such conduct amounts

5

to attempting to concealing evidence.

On July 26, 2012, during the afternoon following the planned meeting with Jane Doe B for sex, Smith was summoned to Columbus Police Headquarters and was told that he was needed for questioning about an administrative matter. Smith was driven to that questioning by his supervisor, a Columbus Police Sergeant. During the drive, and without the sergeant's knowledge, Smith secreted the cell phone used to communicate with each alleged victim and the FBI undercover officers by placing the phone in the passenger side door pocket of the sergeant's police vehicle. This phone was discovered by the FBI and found be the phone used to communicate his crimes. The phone was material and important to the investigation and if not for the diligent efforts of the FBI, the phone may have been secreted and evidence lost. This conduct occurred before arrest, but even if it considered to have occurred contemporaneously with arrest, the loss of evidence from the cellular telephone Smith used to communicate with his victims would have been a material hindrance to the investigation and prosecution.

There are sufficient facts to justify the characterization of this conduct as obstructive and for the application of the 2 level increase under §3C1.1.

    C.    **Undue Influence §2G1.3(b)(2)(B)**

Defendant Smith objects to the 2 level enhancement uner §2G1.3(b)(2)(B) denying he used undue influence to pressure Jane Doe A into sex. However, there is a rebuttable presumption that this section applies since Smith was at least 10 years older than the minor victim. This enhancement is particularly applicable to this case in which the defendant is more than 35 years older than the victim. Also, Defendant Smith made comments to a victim that they could continue their "relationship" in 3 years when the victim turned 18. The 2 level enhancement under §2G1.3(b)(2)(B) should apply.

**III.    SECTION 3553(a) FACTORS**

Apart from the Sentencing Guidelines, as the Court is well aware, the other factors set forth in § 3553(a) must be considered. Section 3553(a)(2) directs the Court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in paragraph two. That sub-paragraph sets forth the purposes as:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

manner.

18 U.S.C. 3553(a)(2)(A)–(D). Section 3553(a) further directs the Court— in determining the particular sentence to impose— to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *Id.* at 3553(a).

After *Booker*, all defendants are free to argue mitigating characteristics about themselves, their families, their life's work and intentions, or the facts of their cases that have previously been forbidden from consideration by a strict interpretation of the Guidelines. *Id.* at 3553(a)(1). Recognizing that most of the arguments under this heading will come from the defendants themselves, the United States will respond, if needed, to such arguments at the time of sentencing. The United States requests a sentence that comports with the central command of § 3553(a)— that sentencing courts are to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of punishment.

    A.    <u>Nature and Circumstances of the Offense</u>

The PSR accurately sets forth the offense conduct in this case. (PSR 4 - 8). The victim impact cannot be understated in this case and the facts supporting such impact are accurately set forth in the PSR. (PSR 8 - 11).

    B.    <u>History and Characteristics of the Defendant</u>

The PSR accurately sets forth Defendant's criminal history in Part B of the report

indicating there is no criminal history.  (PSR 18)

    C.    <u>The Statutory Purposes of 3553(a)</u>

        1.    *To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense*

One of the factors the Court must consider in imposing sentence under § 3553(a) is the need for the sentence to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Federal courts have recognized that coercion and enticement of minors for sex is a serious offense.

        2.    *To Afford Adequate Deterrence to Criminal Conduct*

Another factor the Court must consider in imposing sentence under § 3553(a) is the need for the sentence to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  An adequate sentence of prison is appropriate in this case to specifically deter Defendant Smith from such future conduct and to generally deter other similarly situated persons from considering such conduct in the future.

    D.    <u>The Sentencing Range and Policy Statements in the Guidelines</u>

The PSR accurately sets forth a Total Offense Level of 35 resulting in a Guidelines range of 168 - 210 months. (PSR 18).

    E.    <u>The Need To Avoid Unwarranted Sentence Disparities</u>

Few cases sentenced in the United States have had similar facts to those of this case.  The fact that Defendant Smith was a police officer charged with offenses which occurred when he was a sworn law enforcement officer is neither unique nor common.  Last year, Judge Frost sentenced former Ohio Highway Patrolman Benjamin W. Richardson for his scheme involving

9

mortgage and bankruptcy fraud and obstruction of justice. Richardson was sentenced to 50 months imprisonment, 3 years of supervised release, ordered to pay a $800 special assessment and $617,600 in restitution. This past year in the Eastern District of Pennsylvania, a police officer was sentenced to 60 months imprisonment for his false statements and conspiracy to commit extortion. *United States v. Castro*, 704 F.3d 125 (3d Cir. 2013).

### IV. RESTITUTION

The Supplemental Addendum to the Presentence Report indicates that Jane Doe B has incurred out-of-pocket expenses for counseling related to the offense conduct. Both Defendant Smith and the Government agree that the amount paid to date and the amount which may be incurred over the next year is $348.50, which should be the amount ordered for restitution to Jane Doe B.

The Second Supplemental Addendum to the Presentence Report reflects that, regarding counseling delivered to Jane Doe A, Vineyard Columbus has an outstanding balance of $260.00. The Government requests that $260.00 be ordered in restitution to Vineyard Columbus, 6000 Cooper Road, Westerville, Ohio 43081.

### V. MOTION FOR DOWNWARD DEPARTURE

The PSR indicates that Defendant Smith has a Criminal History Category of I and a Total Offense Level of 35, with a guideline range of 168-210 months. The Government makes this motion for downward departure pursuant to 18 U.S.C. § 3553(e) and §5K1.1. The plead offense of coercion and enticement of minor for sexual conduct in violation of 18 U.S.C. § 2422(b) is a Class A felony, which carries a mandatory minimum sentence of 10 years to a maximum term of

life in prison.  Pursuant to §3553(e), a sentence below the mandatory may be appropriate in this case.  At this time, due to the cooperation of Defendant Smith in ongoing investigations conducted by the FBI, the United States recommends a 3 level reduction in his Total Offense Level from 35 to 32. This leads to a new advisory sentencing range of 121 - 151  months given the Criminal History Category of I, if the recommendation is accepted.  Such reduction would adequately reward the defendant for his substantial assistance, yet still allow the Court to consider the calculation a sentence sufficient but not greater than necessary to comply with the purposes of sentencing.

### VI.   CONCLUSION

Based upon the foregoing, and the Government's motion for downward departure pursuant to 18 U.S.C. § 3553(e) and §5K1.1 of the U.S asking for a 3 level reduction in the Total Offense Level, the Goverment asks for a reasonable sentence given the specific facts of this case.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Douglas W. Squires
DOUGLAS W. SQUIRES (0073524)
MICHAEL J. HUNTER (0076815)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Douglas.Squires @usdoj.gov

<u>CERTIFICATE OF SERVICE</u>\

I hereby certify that a copy of the foregoing was served electronically this 11$^h$ day of June, 2013, on attorney Samuel Shamansky, attorney for Defendant Smith.

        s/Douglas W. Squires
        DOUGLAS W. SQUIRES (0073524)
        Assistant United States Attorney